UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED
JAN 0 6 2009

UNITED STATES OF AMERICA

CASE NO.: 1:08cr072

MARILYN HERVEY

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. **GUILTY PLEA**. The defendant agrees to plead guilty under oath to Count Three of the Indictment, which charges possession with intent to distribute in excess of 5 grams of cocaine base (crack cocaine), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and which carries maximum possible penalties of imprisonment for not less than 5 years and not more than 40 years imprisonment, not more than $2,000,000 fine, or both, supervised release of at least 4 years, ineligibility for federal benefits up to 5 years after conviction and a $100 special assessment.

2. **OTHER CHARGES.** The United States agrees not to charge the defendant with any other offenses arising from or related to the above charges and agrees to dismiss the remaining counts of the Indictment in Criminal No. 1:08cr072 upon conclusion of sentencing.

3. **COOPERATION.** (a). The defendant agrees to cooperate with the United States Attorney by giving full and truthful statements to such agents as are assigned by the United States Attorney to interview defendant as to all knowledge defendant may have of other persons involved in any way in the offenses charged and all other criminal offenses in any way and to

1

give full and truthful testimony about same before any federal grand juries and trial juries before which defendant is subpoenaed. The defendant understands that a false statement to a federal agent or a failure to testify truthfully would subject him to prosecution for false statement or perjury.

(b). As part of her cooperation, defendant will pay to the Clerk of this Court <u>before</u> sentencing the mandatory $100 assessment fee. The United States Attorney will make known to the Court at the time of sentencing the nature and extent of all testimony and other cooperation of the defendant, including payment or non-payment of assessment fees.

4. **SENTENCING.** There is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to defendant by her attorney. Both parties reserve their right to speak at sentencing.

5. **FORFEITURE.** The defendant agrees to the forfeiture of property as reflected by the *Agreement As To Forfeiture Of Property* which is attached hereto and made a part hereof.

6. **ACCEPTANCE OF RESPONSIBILITY.** Pursuant to the Commentary to Section 3E1.1(b), (per Amendment #649 to Application Note #6 of the Guidelines, effective April 30, 2003) the Government has determined that the defendant has thus far assisted authorities in a manner sufficient to be entitled to a three-level reduction of his Guideline range. Pursuant to that provision the Government will notify the Court by formal motion at sentencing whether defendant has or has not ultimately complied with that provision. This paragraph applies only to defendants whose Guideline level is 16 or higher.

7. **SENTENCE DEPARTURES AND REDUCTIONS.** The United States Attorney, in his sole discretion, may before sentencing move the Court for a downward departure under Section 5K1 of the Sentencing Guidelines based upon substantial assistance or may file after

sentencing a Rule 35 motion to reduce sentence based upon defendant's cooperation. The defendant understands that decisions whether to move the Court for downward departure or to reduce sentence are entirely in the discretion of the United States Attorney, not the defendant or his attorney, and that the Court can deny in whole or in part either or both of such motions.

8. **POLYGRAPH.** The defendant agrees to submit to polygraph examination(s), if requested by the United States Attorney, by a federal polygraph examiner designated by the U.S. Attorney, regarding defendant's knowledge of these and all unlawful activities about which defendant has knowledge.

9. **OTHER AUTHORITIES.** This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.

10. **WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS.** Defendant MARILYN HERVEY, hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant MARILYN HERVEY, also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant MARILYN HERVEY, waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

11. **VIOLATIONS OF THIS AGREEMENT.** If defendant violates this agreement, all statements made pursuant hereto will all be admissible against defendant who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses,

including perjury and false statements relating to this plea agreement.

12. **ACKNOWLEDGMENTS: NO OTHER AGREEMENTS; DEFENDANT IS IN FACT GUILTY.** Apart from being advised of the applicability of the U.S. Sentencing Guidelines, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. Defendant agrees that the Court may cancel the trial, and continue all proceedings in the case until such date as the Court may set for consideration of the plea agreement, the plea of guilty and imposition of sentence. This agreement fully reflects all promises, agreements and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty of the charges.

The foregoing constitutes the only plea agreement between the parties.

This the _____ day of _January_____, 2008.

_____
JIM M. GREENLEE
UNITED STATES ATTORNEY
Mississippi Bar No. 5001

AGREED AND CONSENTED TO:

_____
MARILYN HERVEY, Defendant

APPROVED:

_____
CORNELIA PETTIS FONDREN
Attorney for Defendant
Mississippi Bar No. _9104_

4

STATE OF MISSISSIPPI

COUNTY OF LAFAYETTE

## AGREEMENT AS TO FORFEITURE OF ASSET

This agreement is made and entered into on the day and year hereinafter stated by Marilyn Hervey, hereinafter referred to as Claimant, and the United States of America, acting by and through its United States Attorney for the Northern District of Mississippi.

1. Claimant agrees that any interest that Claimant has in $1,690.00 in United States currency that was seized from the Claimant is subject to forfeiture to the United States because the property constitutes proceeds traceable to the exchange of controlled substances and is, therefore, subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6).

2. Claimant agrees to fully assist the government in the forfeiture of her interest in the asset described above and to take whatever steps are necessary to pass title to the United States, including but not limited to execution of any documents necessary to transfer the complete interest in these asset to the United States.

3. Claimant agrees to withdraw any claim she has made to the asset described herein and/or agrees to make no claim to the same in any forfeiture proceeding commenced by the government. Claimant agrees to waive her right to notice of any further forfeiture proceedings involving this asset and consent to entry of a judgment of forfeiture forfeiting her interest in said asset to the United States of America.

4. Claimant knowingly and voluntarily waives her right to a jury trial on the forfeiture of this asset. Claimant knowingly and voluntarily waives all constitutional, legal and equitable

defenses to the forfeiture of this asset in any proceeding. Claimant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of this asset by the United States.

5. Forfeiture of the Claimant's interest in this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty any court may possibly impose upon the Claimant in addition to forfeiture.

Agreed to this the 6 day of January, 2008 9

FOR THE CLAIMANT:

_____
MARILYN HERVEY
Claimant

APPROVED:

_____
CORNELIA PETTIS FONDREN
Attorney for Claimant

FOR THE UNITED STATES:

JIM M. GREENLEE
United States Attorney

By: _____
SAMUEL D. WRIGHT
Assistant United States Attorney