**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARILYN HERVEY**   **MOVANT**

**v.**   **No. 1:08-CR-072-M**

**UNITED STATES OF AMERICA**   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Marilyn Hervey for a writ of *habeas corpus* under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed under the court's April 9, 2009, judgment. In that judgment, the movant pled guilty to the charges contained in Count Three of the superseding indictment – knowingly and intentionally possessing with the intent to distribute, in excess of five (5) grams of cocaine base (crack-cocaine), a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The government responded to the motion on November 12, 2009. The movant has not submitted a reply, and the matter is ripe for resolution. For the reasons set forth below, the instant motion for a writ of *habeas corpus* shall be dismissed with prejudice.

**Facts and Procedural Posture**

Marilyn Hervey ("Hervey") was charged in a four-count indictment on June 19, 2008. Under a conditional plea agreement entered into on January 6, 2009, Hervey, represented by counsel, pled guilty to Count Three of the superseding indictment, possession with intent to distribute a Schedule II narcotic controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and the remaining counts were dismissed. As a result of Hervey's guilty plea, she was sentenced on April 9, 2009, to a period of incarceration of 78 months. In the plea agreement executed

between Hervey and the Government, Hervey expressly waived all rights to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any post-conviction proceeding, including a motion brought pursuant to 28 U.S.C. § 2255. The petitioner did not appeal her conviction or sentence.

According to evidence presented by the Government during movant's plea hearing, in July of 2007, a confidential informant informed law enforcement officers that Hervey was selling crack cocaine at her residence, 803 South Old Highway 45 Alternate, Okolona, Mississippi. On or about July 3, 2007, a confidential informant purchased 2.47 grams of crack cocaine from Hervey at her residence. Further, on or about July 26, 2007, a confidential informant purchased 5.15 grams of crack cocaine from Hervey. Acting upon the two previous encounters with Hervey, on or about July 27, 2007, law enforcement officers executed a search warrant at the residence of Hervey, and seized 29.44 grams of crack cocaine, notebooks, digital scales, and a 9mm Ruger pistol.

## Marilyn Hervey's Claims Under 28 U.S.C. § 2255

In her petition for a writ of *habeas corpus*, Hervey alleges:

1. The April 9, 2009, sentencing was unconstitutional due to the disparity in sentencing for crack cocaine as opposed to powder cocaine.

2. The 78-month sentence imposed should be reduced in light of her existing pregnancy, and in order to protect the rights of her unborn child.

3. That counsel was ineffective because she had never handled a federal criminal case prior to movant's, and that counsel was ill-informed of the sentencing guidelines, current pending bills in Congress and case law pertaining to crack cocaine.

## Waiver of Right To Appeal and to
## Seek Relief Under 28 U.S.C. § 2255

The most basic rights of criminal defendants are subject to waiver. *Peretz v. United States*, 501 U.S. 923, 936, 111 S. Ct. 2661, 2669 (1991). The right to appeal is a statutory right, not a constitutional right. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (citing *Abney v. United States*, 431 U.S. 651, 656 (1977)). Moreover, a defendant may waive constitutional rights as part of a plea agreement. *Melancon*, 972 F.2d at 567 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987)). Therefore, a defendant may also waive statutory rights, including the right to appeal. *Melancon*, 972 F.2d at 567; *see also United States v. Sierra*, No. 91-4342, slip. op at *2 (5th Cir. Dec. 6, 1991) (finding waiver constitutional after defendant waived the right to appeal her sentence in exchange for a limitation on her maximum term of imprisonment).

When a review of the "record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994), *cert. denied*, 513 U.S. 893 (1994). An informed, voluntary waiver of post-conviction relief bars such relief under 28 U.S.C. § 2255. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002) (finding plea valid, which required defendant to forego his right to relief in appeals).

On January 6, 2009, Hervey entered into a plea agreement with the Government. Under that plea agreement, the Government agreed to dismiss Counts One, Two and Four in exchange for Hervey pleading guilty to Count Three, which she indeed did at the January 14, 2009, Change of Plea hearing. Review of the plea agreement confirms that Hervey expressly waived all right to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any post-conviction proceeding, including a motion brought pursuant to 28 U.S.C. § 2255. From the record, it is clear Hervey waived her right to appeal the conviction and sentence in executing the plea agreement with the Government. As held by the Supreme Court in *Peretz* and the Fifth Circuit in *Melancon*, the right to appeal was the movant's, which she expressly forfeited upon entering into the plea agreement.

Absent coercion or other disparities, a defendant's waiver of her statutory right to collaterally challenge her conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver was both knowing and voluntary. *Wilkes*, 20 F.3d at 653 (citing *Melancon*, 972 F.2d at 567). The plea agreement's appellate waiver provision was reviewed at Hervey's Change of Plea hearing on January 14, 2009. Counsel for the Government, in stating his understanding of the plea agreement, stated, "Ms. Hervey expressly waives her rights to appeal the conviction and/or the sentence imposed in this case . . . ." Change of Plea Transcript, p.9, lines 4-5. When asked by the court if this was her understanding of the plea agreement, Hervey stated, "Yes, sir." *Id.* at line 12. Once again, the court asked, "And you have waived your rights to appeal the conviction and/or sentence in this case. Do you understand that?" *Id.* at lines 24-25, p.10, line 1. Again, Hervey answered, "Yes, sir." *Id.* at p.10, line 2. The court then confirmed the waiver of appeal at the April 9, 2009,

sentencing:

> **The Court:** Pursuant to the plea agreement filed in this cause, the defendant has waived all rights to appeal the conviction and/or the sentence imposed and has also waived all rights to contest or collaterally attack the conviction or sentence in any postconviction proceedings.
>
> Do you understand the sentence that I have just stated?
>
> **The Defendant:** Yes, sir.

Hervey Sentencing Transcript, p.9, lines 7-13.

Upon review of the record and the evidence presented in movant's case, the court holds that Hervey knowingly and voluntarily entered into the plea agreement of her own free will. Neither Hervey nor the Government presented evidence that showing that Hervey was coerced or otherwise forced into entering the plea agreement. Hervey waived her right to appeal or seek post-conviction relief. Her waiver was knowing and voluntary. As such, Hervey is barred from seeking such relief, and her claim for relief on this ground will be dismissed.

## Unconstitutional Sentencing

Despite the valid waiver executed by movant in her plea agreement, the court will briefly consider the substantive claims raised by Hervey in her September 22, 2009, motion under 28 U.S.C. § 2255.

In 1986, Congress passed the Anti-Drug Abuse Act, which substantially increased penalties for drug trafficking and established three levels of maximum and minimum sentences based on the type and quantity of drug involved. In setting the quantities required to trigger higher sentencing ranges, the Anti-Drug Abuse Act used a 100-to-1 ratio for powder and crack cocaine. The United States Sentencing Commission later incorporated the 100-to-1 ratio into the

-5-

sentencing guidelines for cocaine offenses. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(1987).

The Sentencing Commission identified as a policy priority for the amendment cycle ending May 1, 2007, "continuation of its work with the congressional, executive, and judicial branches of government and other interested parties on cocaine sentencing policy." U.S.S.G. App. C, amend. 706. Although the Commission stands for the position that the 100-to-1 drug quantity ratio should be modified, they explicitly state that "the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative." *Id.* The Commission went further by stating that "[a]ny comprehensive solution to the 100-to-1 drug quantity ratio requires appropriate legislative action by Congress. *Id.* Thus, in its 2007 amendment to § 2D1.1, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include statutory mandatory minimum penalties for crack cocaine offenses. *Id.*

Although Hervey cites a National Legal Professional Associates memorandum, as well as an opinion from the United States District Court for the District of Columbia, Congress has not yet determined whether to amend the sentencing scheme for crack and powder cocaine offenses. Furthermore, no change has been enacted as legislation by Congress or as amended guidelines by the Sentencing Commission.

Therefore, unless and until Congress makes changes to the current statutes, the court will adhere to the sentencing parameters set forth in the Sentencing Commission's *Guidelines Manual*.

## Reduction of Sentence Due To Pregnancy

Hervey asserts the 78-month sentence imposed by the court should be reduced since, at the time of her sentencing hearing, she, and thus the court, was not aware of her pregnancy, and therefore could not take that fact into consideration. She further asserts a sentence reduction is necessary in order to protect the rights of her unborn child.

Although the court recognizes the importance of Hervey's pregnancy, 28 U.S.C. § 2255 extends primarily to those issues that are of constitutional or jurisdictional magnitude. *See* 28 U.S.C. § 2255. The Supreme Court has held that "[U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited." *Reed v. Farley*, 512 U.S. 339, 354, n.13, 114 S. Ct. 2291, 2300, n.13 (1994) (quoting *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 3044. n.10 (1976)). Furthermore, the Court stated that "habeas review is available to check violations of federal laws when the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The United States Sentencing Commission *Guidelines Manual* is instructive on this issue. U.S.S.G. § 5H1.4 states that an "*extraordinary* physical impairment may be a reason to depart downward." (emphasis added). The First Circuit Court of Appeals has found that the pregnancy of convicted female felons is not an extraordinary physical impairment, for pregnancy is neither atypical nor unusual. Government's Response to the Motion to Vacate, Set Aside of Correct Sentence, p.12 (citing *United States v. Pozzy*, 902 F.2d 133, 139 (1st Cir. 1990). In light of the fact that Hervey has been transported to a "birthing center" in West Virginia, it is clear that her

condition is not one involving an extraordinary physical impairment, and further, that the Bureau of Prisons is accustomed to treating inmates in circumstances identical to Hervey's.

Because Hervey's pregnancy does not raise a constitutional or jurisdictional question of law, and because her pregnancy is not considered an extraordinary physical impairment, this argument must fail.

### Ineffective Assistance of Counsel

"To establish ineffective assistance of counsel, [a petitioner] must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). Thus, under *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The Fifth Circuit has held that "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)). In ground three, Movant nakedly alleges ineffective assistance of counsel, stating in

general terms that counsel was "ill-informed and ill-prepared." Such a vague, unsupported claim cannot withstand the heavy burden required in this circuit on an ineffective assistance of counsel claim. Hervey has satisfied neither prong of the *Strickland* test. She offers only general characterizations as proof of her counsel's alleged ineffectiveness. Pleading in such generalities does not satisfy this requirement.

In sum, for the reasons set forth above, Marilyn Hervey's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 will be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 5th day of February, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**